UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD P. HANRAHAN, ) | Case No. CV 09-3148-JEM |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| v. ) | AFFIRMING DECISION OF |
| ) | COMMISSIONER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**PROCEEDINGS**

On May 28, 2009, Richard P. Hanrahan ("Plaintiff" or "Claimant" or "Hanrahan") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for both Social Security disability insurance benefits and Supplemental Social Security income. The Commissioner filed an Answer on July 27, 2009. On November 23, 2009, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. The matter is now ready for decision. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 47 year old male who was determined to have the medically determinable severe impairment of mild carpal tunnel syndrome. (AR 14.) Plaintiff has not engaged in substantial gainful activity since March 11, 2005, the alleged onset date. (AR 14.)

Plaintiff's claim was denied initially on December 14, 2006, and on reconsideration on April 13, 2007. (AR 12.) He filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Eric Benham on October 9, 2007, in Palmdale, California. (AR 12.) Claimant appeared and testified. (AR 12.) Vocational expert Randi Langford-Hetrick also testified. (AR 12.)

The ALJ issued an unfavorable decision on May 27, 2008. (AR 12-19.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[1] to perform light work, except that he can no more than occasionally perform postural changes, has no right eye vision, and can no more than frequently handle or finger with his right hand. (AR 15.) The ALJ found that Plaintiff could not perform his prior work in air-conditioning and heating (AR 17) but could perform other jobs in the national economy, and therefore was not disabled within the meaning of the Social Security Act. (AR 17-18.) The ALJ also determined that Claimant has a limited education but is able to communicate in English. (AR 17.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the sole disputed issue that Plaintiff is raising as a ground for reversal is as follows:

1. Whether the ALJ properly considered the presence of a manipulative impairment.

---

[1] Residual functional capacity is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied.

Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Id.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

In this case, the ALJ concluded at step five of the sequential process that Plaintiff can perform other jobs in the national economy (AR 17-18) and therefore is not disabled within the meaning of the Social Security Act.  (AR 18.)

**DISCUSSION**

At the ALJ hearing, Plaintiff alleged right eye blindness, right and left elbow pain, carpal tunnel syndrome, back pain, neck pain, shoulder pain, and depression.  (AR 15-17.)

The ALJ determined that Plaintiff's carpal tunnel syndrome was his only medically determinable severe impairment.[2] (AR 14.)

Before this Court, Plaintiff alleges a disabling manipulative impairment. He challenges the ALJ's rejection of the opinion of consulting orthopedist Brian Ahangar, M.D., who concluded that Plaintiff had the following manipulative limitations: "The Claimant should limit reaching, handling, feeling, grasping, and fingering to only occasionally on the left and less than occasionally on the right." (AR 185.) On the basis of these limitations, Plaintiff alleges an inability to use his hands for significant activity. (JS 13.)

The ALJ's rejection of Dr. Ahangar's testimony, however, is supported by substantial evidence and free of legal error. The ALJ also properly discounted Plaintiff's credibility. The ALJ met the Commissioner's burden at step five of the sequential process to establish that jobs exist in the national economy that Plaintiff can perform.

**A.   The ALJ Properly Rejected The Opinion Of The Examining Physician**

On November 5, 2006, consulting examiner Dr. Ahangar conducted a comprehensive orthopedic evaluation at the request of the state agency acting on behalf of the Commissioner. (AR 181; JS 5.) Dr. Ahangar's diagnoses included right eye blindness, bilateral elbow pain but with normal range of motion and strength and right carpal tunnel syndrome with weakness of grip. (AR 184.) His functional assessment was that the hours Claimant could be expected to sit, stand or walk in an eight hour day was unrestricted. (AR 185.) He could lift and carry 10 pounds frequently and 20 pounds occasionally on the left side and 10 pounds frequently and occasionally on the right side. (AR 185.) Dr. Ahangar found no postural limitations but did find manipulative limitations on both left and right as to reaching, handling, feeling, grasping, and fingering. (AR 185.)

---

[2] Plaintiff's treating physician Dr. Rafael Gomez examined Plaintiff's eye injury in 2006. (AR 208-213.) He opined that Claimant could perform medium exertion work notwithstanding the loss of right eye vision. (AR 16.) Plaintiff does not claim that the loss of right eye vision renders him unable to work.

The ALJ gave little weight to Dr. Ahangar's assessment of Plaintiff's manipulative limitations. An ALJ may reject an examining physician's uncontradicted medical opinion only for clear and convincing reasons. Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. (internal quotations and citation omitted). In this case, Dr. Ahangar's manipulative assessment was contradicted by other medical evidence and the ALJ properly rejected Dr. Ahangar's opinion with specific and legitimate reasons supported by substantial evidence.

Claimant's treating physician Dr. Gonzalez opined that Plaintiff could perform medium exertion work. (AR 16, 211-12.) Plaintiff contends that Dr. Gonzalez's examination only concerned Claimant's eye, but Dr. Gonzalez completed a functional capacity assessment that clearly was not limited to the eye. (AR 211-12.) In any event, on November 8, 2006, three days after Dr. Ahangar's manipulative limitations assessment, Dr. Ravikumar conducted a nerve conduction or electromyography ("EMG") test in response to Plaintiff's complaints of tingling and numbness in the right hand. (AR 179-180.) The result was a "normal" EMG and an impression of "[e]arly, mild, right carpal tunnel syndrome." (AR 179-180.) The referring orthopedist Dr. Sirajullah accepted these findings, observing that the EMG was "ok" and diagnosing mild carpal tunnel syndrome. (AR 153.)

The ALJ also appears to have derived his light work RFC from nonexamining physician Dr. Chiang. (AR 16, 150, 156-61.) Plaintiff questions whether Dr. Chiang's opinion can be substantial evidence, but a non-examining physician's opinion can be considered when not contradicted by all other evidence, based on independent clinical findings, and supported by other evidence in the record. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The ALJ could not and did not rely solely on Dr. Chiang's opinion to reject Dr. Ahangar's manipulative assessment. Morgan, 169 F.3d at 600; Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). Dr. Chiang's opinion is consistent with the independent

clinical EMG study, the findings and diagnoses of Dr. Ravikumar and Dr. Sirajullah, more favorable to Plaintiff than Dr. Gonzalez' assessment and is consistent with other evidence cited by the ALJ.

Plaintiff, for example, returned to medium or heavy work for three or four months in 2007. (AR 16.) Plaintiff asserts there is no evidence that the work was medium to heavy, but the record testimony of both the Claimant and vocational expert fully supports this finding. (AR 408-409.) The ALJ also cited Plaintiff's failure to pursue treatment. (AR 16.) Plaintiff mildly disputes the point, but at the hearing, when asked what treatment he had received for his back, knees, shoulders and hands, he replied "Nothing." (AR 402.)

The ALJ rejected Dr. Ahangar's manipulative assessment for specific and legitimate reasons supported by substantial evidence.

### B.    The ALJ Properly Discounted Plaintiff's Credibility

The ALJ considered and properly discounted Plaintiff's subjective pain complaints in determining his RFC. Substantial evidence supports this determination.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1281-82 esp. n.2 (9th Cir. 1996). The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can

reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

In this case, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to produce the alleged pain but the symptoms are not credible to the extent they are inconsistent with the assessed RFC. (AR 15.) There was no assertion that Plaintiff was malingering. Thus, the ALJ was required to offer specific, clear and convincing reasons for discounting Plaintiff's subjective pain symptoms.

The ALJ did not find the Claimant's complaints "sufficiently credible to justify any further limitations than those established by the objective medical record." (AR 16.) Even though not determinative of the severity of pain, the medical evidence is nonetheless a relevant factor in determining the severity of a claimant's pain. Rollins, 261 F.3d at 857; Smolen, 80 F.3d at 1285. Here, the medical evidence from Dr. Gonzalez, Dr. Ravikumar and Dr. Sirajullah is compelling, particularly the EMG.

There also exists other substantial non-medical evidence of activities inconsistent with total disability:

> The claimant's son, Richard Aaron Hanrahan, states that the claimant typically spends his days doing household chores, bathing and grooming, eating, watching television and movies, and going to high school football practices. He independently cares for himself, his dog, and his bird. He drives a car and leaves his home every day. He had no trouble walking and no lifting or pain problems were specified (Exhibit E). The claimant's son's statements contrast dramatically with the claimant's own testimony that he can lift only two pounds, stand and walk only 15 to 20 minutes at a time, and sit for only 20 minutes at a time. Surely, his son, who lives with him, would have noted such severe loss of capacity, if it actually existed. In any

> case, the claimant's active, independent lifestyle is not consistent with a finding of total disability.

(AR 16-17.) Claimant offers no answer to this evidence. Plaintiff also has not received treatment (AR 402), much less sought aggressive pain treatment. (AR 17.)

The ALJ properly discounted Plaintiff's credibility with specific, clear and convincing reasons supported by substantial evidence. The ALJ's RFC also is supported by substantial evidence.

### C. The ALJ Met The Commissioner's Burden To Prove That Plaintiff Can Perform Other Jobs In The National Economy

Based on the assessed RFC, the ALJ determined at step four of the sequential process that Plaintiff could not perform his past relevant work in air-conditioning and heating. (AR 17.) Relying on the testimony of the vocational expert, the ALJ determined at step five of the sequential process that Plaintiff could perform other jobs in "significant numbers" in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1099-1100 (9th Cir. 1999). This determination is supported by substantial evidence.

The ALJ utilized the Social Security Administration's Medical Vocational Guidelines ("Guidelines" or "grids") as a framework for decisionmaking pursuant to 20 C.F.R. § 416.969a(d) and Social Security Rulings 83-12 and 83-14. The Guidelines were promulgated in 1978. See generally Heckler v. Brown, 461 U.S. 458, 460 (1983) (upholding the Guidelines). They provide a system "for disposing of cases that involve substantially uniform levels of impairment." Desrosiers v. Sec'y of Health & Human Services, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring). The grids correlate a claimant's age, education, previous work experience, and RFC to direct a finding of disabled or not disabled, without the need of testimony from vocational experts. Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989); Heckler, 461 U.S. at 461. The grids, however, only apply "where they completely and accurately represent a claimant's limitations." Tackett, 180 F.3d at 1101 (emphasis in original); see also Heckler, 461 U.S. at 462 n.5.

The grids present in table form a shorthand method for determining the availability and number of suitable jobs for a claimant. Tackett, 180 F.3d at 1101. The grids categorize jobs by three physical "exertional" levels, consisting of sedentary, light and medium work. Id. These exertional levels are further divided by the claimant's age, education and work experience. Id. The grids direct a finding of disabled or not disabled based on the number of jobs in the national economy in the appropriate exertional category. Id. A claimant must be able to perform the full range of jobs in an exertional category for the grids to apply. Id.

"The ALJ must apply the grids if a claimant suffers only from an exertional impairment." Cooper, 880 F.2d at 1155. The grids direct a ruling of disabled or not disabled. Id. If the grids direct a finding of disabled, the ALJ is bound by that result. Id. at 1157.

The Ninth Circuit recognizes that nonexertional limitations may make the grids inapplicable. Tackett, 180 F.3d at 1101-1102. Nonexertional limitations are non-strength related limitations that include mental, postural, manipulative, sensory, or environmental limitations. Cooper, 880 F.2d at 1155 n.7.

In cases involving both exertional and nonexertional limitations, the grids are consulted first to determine whether a finding of disabled can be based on exertional limitations alone. Id. at 1155. If so, the grids direct a finding of disability which the Commissioner must accept. Id. at 1157.

If not, the ALJ must use the grids as a framework for consideration of how much the nonexertional limitations limit the range of work permitted by the exertional limitations. Tackett, 180 F.3d at 1102. A nonexertional impairment, if significant, may limit the claimant's functional capacity in ways not contemplated by the grids. Id. In such instances, the ALJ may not rely on the grids alone for the availability of jobs but must obtain the testimony of a vocational expert. Id.; Thomas, 278 F.3d at 960; Moore, 216 F.3d at 869-71.

In this case, Plaintiff asserts nonexertional manipulative limitations. The ALJ determined that, if Plaintiff could perform the full range of light work, the Guidelines would

direct a finding of not disabled. (AR 18.) Because Plaintiff's ability to work was impeded by additional postural, visual and manipulative limitations that may erode the unskilled light occupational base, the ALJ properly consulted a vocational expert to determine whether jobs exist in substantial numbers in the national economy that Plaintiff can perform. See, e.g., Moore, 216 F.3d at 869 (7,700 regional and 125,000 national jobs was substantial evidence to support determination of not disabled); Thomas, 278 F.3d at 960 (1,300 local and 620,000 nationally sufficient); Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995) (2300 local and 64,000 nationally sufficient).

The vocational expert in this case testified that Plaintiff could perform the jobs of cashier, cleaner/housekeeper (27,000 locally), storage facility clerk (6,700 locally) and usher (2,000 locally), all of which are light exertion and unskilled. (AR 18.) The ALJ therefore met the Commissioner's step five burden to demonstrate that jobs exist in substantial numbers in the national economy that Plaintiff can perform. Plaintiff is not disabled within the meaning of the Social Security Act.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing the case with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 12, 2010                    /s/ John E. McDermott
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE